Bay, J.
delivered the opinion of the Court.
This case presents two points to the consideration of the Court:
1st. Whether judgment by default in an action of debt is final, or not ? And,
2dly. Whether the act of 1809, has made any, and what alteration, in the Common Law rules of practice on that subject?
I have considered this case, and am of opinion, on the first point, that the judgment by default is final.
*124 The second rule of our own Courts is express on the subject, and declares that if no plea be filed within the rule, the clerk shall enter an or- ' der for judgment on the record, and in the book of rules; and the plaintiff shall be at liberty to .enter up judgment by default, which I construe final judgment in debt, and interlocutory in cases of trespass. In 1 Crompt. 279, it is laid down that if the defendant does not plead in the time allowed by the rule of Court, or confesses^ the action, or does not defend it, the plaintiff may sign judgment against him. If the action sounds in damages, the judgment is called an interlocutory judgment, because the damages are still to be ascertained by a Jury, before final judgment be entered : but if the action is in debt, the letting judgment ^o by default, or by confession, or if it pass on demurrer, it is final, inasmuch as it admits the very demand which the plaintiff has made in his declaration, and the above rule of Court is in exact conformity to the Common Law rules of practice. The same doctrine is laid down in Harrison’s practice in Com. Pleas, 182. If the action is in case, or trespass, &c. the first judgment is interlocutory, till writ of inquiry executed : but if in debt, the judgment is final, the entry of the judgment in debt upon nil dicit, proves that it is so. This entry, from one of the most approved precedents, (Attys. Prac. Com. Pleas, 365,) runs thus,
“ And the said L. by R. JY. his attorney, comes *125 and defends the force and injury, when, &c. and saith nothing in bar of the said action of the said . . R, whereby the said R remaineth against the said L undefended. Therefore it is considered that the said R recover against the said L his said debt, and his damages occasioned by the detaining of that debt, to 40 shillings, to the said JR, by his assent by the Court here adjudged, and be the said L in mercy,” &c.
The judgment for the.said debt, in this precedent, alludes expressly to the debt or demand admitted to be due, as stated in the declaration, and against which no defence has been made; so that the entry of the judgment on the roll corresponds with the principles above laid down. The entry of an interlocutory judgment, is that because the damages are unknown; the sheriff is commanded, that by the oath of twelve men he diligently inquire what damages the plaintiff hath sustained; and upon the finding of the quantum of damages by the Jury, the final judgment is entered up, which is the true distinction between a final and an interlocutory judgment. The one is final in itself; but the other is only ascertaining the damages preparatory to the final judgment. This distinction will be found in all the books of practice upon the subject; it would be a needless waste of time to go through them. If further information on this head be necessary, I shall only beg leave to refer to them. From the foregoing authorities and precedents, I have *126 no doubt, therefore, that the judgment in debt by default is final. I proceed now to consider, whctber the act of 1809 has made any altera¿011 jn the common law rules of practice on this subject or not. The preamble of the act serves to explain the nature of it; it professes tobe “ an act for the more easy and expeditious administration of justice in the Courts of this state.” It then goes on, and enacts, that iii all actions now pending, or hereafter to be brought, on any liquidated demand, where the defendant or defendants shall have suffered an order for judgment to be entered against him or them, it shall not be necessary for the plaintiff or plaintiffs to prove his or their demand, or execute a writ of inquiry; but the same shall, upon motion to the Court, be referred to the clerk, to ascertain the sum actually due, and judgment shall be entered up accordingly for the sum so ascertained, provided that nothing therein contained shall prevent the defendant or defendants of the right of setting aside the order for judgment, and making such defence as is now allowable by the practice of the Courts. There is nothing, in my opinion, in this enacting clause which was intended to alter the old established rules of practice, except as to the mode and manner of assessing damages in matters sounding in damages; and instead of sending cases after an interlocutory judgment to a Jury, which was troublesome and expensive, they were directed *127 to be sent to the protho-notary, to make the calculations of the quantum due, and to enter up „ , „ . . * judgment for the amount of such ascertained sum. All other cases, such as debts due bonds or other specialties, and debts due by judgments on record, do not, in my opinion, come within the scope or purview of the act. By liquidated demands, mentioned in the clause of the act, I understand notes, bills, and acknowledged accounts under hand, and all that class of cases under the denomination of specialties, signed by the defendant, where nothing was wanting but the ascertainment of the sum really and bona fide due, and which formerly had been submitted to a Jury on the execution of writs of inquiry, which this act seems to have rendered unnecessary. All matters of debt, not sounding in damages, but where the recovery and judgment are in numero, are without the purview of this act. The act, it is true, leaves the door open for the party defendant to come in, even after an interlocutory judgment, and make his defence, where he has one, upon terms agreeably to the practice of the Courts. But in this case no defence is even hinted at ,* therefore it is unnecessary to enter into that branch of the act, or to say in what cases these defences are, or are not, to be allowed. I am therefore of opinion that the present motion should be rejected.
Yancey, for the motion.
King, contra.
The other Judges concurred.